IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KEITH FEGAN, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 08-0739-KD-N |
| DR. OSCAR LOPEZ, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate, who is proceeding pro se and in forma pauperis, filed a complaint and amended complaints under 42 U.S.C. § 1983. (Docs. 1, 19, 35). Plaintiff's action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). In screening the amended complaints, it recommended that, in the second amended complaint, the defendant Mobile Police Department be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Rule 15(a) of the Federal Rules of Civil Procedure addresses amendment of pleadings before trial. It provides that "[a] party may amend its pleading **once** as a matter of course" (emphasis added). Plaintiff filed a letter motion (doc. 33) for leave to file a Second Amended Complaint; however, that handwritten motion contained the text of plaintiff's proposed complaint. Accordingly, it was stricken, and plaintiff was granted leave to file an amendment on the court's form. Plaintiff thereafter filed his Second Amended Complaint, which corrects the name of the physician defendant. The court noted in its order that an amended complaint supersedes prior complaints. Thus, plaintiff's Second Amended Complaint is the only Complaint presently before the court.

1

In his Second Amended Complaint, plaintiff adds the Mobile Police Department as a. (Doc. 35 at 5, 8). This defendant is charged with removing plaintiff's cast from his arm on September 26, 2007, when he arrived at the jail, not putting him in the medical wedge, and not allowing a doctor to perform surgery on him. In order to bring a viable § 1983 claim, the defendant sued must be an entity that is subject to being sued. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a party to be sued is "determined by the law of the state in which the district court is held. . . ." Fed.R.Civ.P. 17(b); see Dean, 951 F.2d at 1214.

"Sheriff's departments and police departments are not usually considered legal entities subject to suit." Id. (dismissing an Alabama's sheriff's department). A city's police department in Alabama is not a suable entity or a proper party under state law or for § 1983 purposes. Hawkins v. City of Greenville, 101 F. Supp.2d 1356, 1363 (M.D. Ala. 2000); accord Robinson v. Hogansville Police Dept., 159 Fed.Appx. 137, at **1 (11th Cir. Dec. 15, 2005) (affirming the dismissal of the complaint against a Georgia city police department and the granting of a motion to set aside the default) (unpublished);[1] Mann v. Hillsborough County Sheriff's Office, 946 F. Supp. 962, 970-71 (M.D. Fla. 1996) ("[T]he city police department is not a legal entity and has no legal existence separate and part from the city"; [it] "is the vehicle through which the city fulfills its policing functions."); Eddy v. Miami, 715 F. Supp. 1553, 1556 (S.D. Fla. 1989) ("Where a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit."); Reese v. Chicago Police Dept., 602 F. Supp. 441, 443 (N.D. Ill. 1984) (finding a police

---

[1]"Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

department does not have a legal existence separate from the city and, therefore, is not a suable entity).

Inasmuch as the Mobile Police Department is not a suable entity under Alabama law, the claim against defendant Mobile Police Department is frivolous. A claim is "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[2] A claim that seeks to enforce a right that clearly does not exist, such as plaintiff's claim against the Mobile Police Department, may be dismissed prior to service of process. Id. Even though the Court holds pro se complaints "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972), the Court is not allowed to serve as de facto counsel for a pro se litigant or to rewrite otherwise deficient pleadings in order to sustain an action. GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). It is, therefore, recommended that defendant Mobile Police Department be dismissed from this action because it is not an entity subject to suit and thus any claim against it is frivolous.

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this 27th day of August, 2010.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[2]The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Id. at 1348-49.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL
RIGHTS AND RESPONSIBILITIES FOLLOWING
RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1. **<u>Objection</u>**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ _____
UNITED STATES MAGISTRATE JUDGE

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED.R.CIV.P. 72(b)(2).